On Application for Rehearing.
Blanchard, J.
In connection with the petition for rehearing presented by defendant company, there is filed a paper signed by counsel for plaintiff and defendant in which it is recited that “in order to avoid unnecessary delay and to facilitate the final settlement of this controversy, the following admission and submission is made.”
Then follows this clause: — “It is agreed that the Liverpool and London and Globe Insurance Company, defendant herein, has paid tax license on its business outside the Oity of New Orleans, amounting to $19,715.39, premiums received, thus leaving under the court’s present ruling, $141,442.29 on which a license to the Oity of New Orleans is due, and, these facts being known, the demand of the city and judgment herein should be reduced to a license of $2,100.00 for 1899, or the cause should be remanded for the purpose of receiving this evidence to make the reduction.”
This supplies what was lacking in the record when the case was submitted to the court, viz: — evidence that defendant company paid in the year 1899 tax license on its business outside of the Oity of New Orleans, amounting to $19,715.39. And the agreement which is styled both “admission” and “submission” is construed to mean that the Oity of New Orleans consents to a reduction of the judgment herein from twenty-four hundred dollars as fixed by the decree of this court, to twenty-one hundred dollars, and, accordingly, by amended decree the reduction will be made. ' ' ■ '
In the paper referred to appears this additional clause, to-wit: — ■
“It is agreed that the question of defendant’s liability for penalty of two per cent, a month on amount of license recovered, be submitted to the court upon the agreed facts that, under advice of counsel, the late E. W. Huntington, Esqr., the present defense was made, and a tender off $1,650.00 by the company declined by the city; and the further fact that, claiming, as she did, $2,400.00, the city would have declined $2,100.00, the amount of tax license which, under the opinion of the court, and the facts regarding amount of receipts, as above submitted, is the amount the city is entitled to recover.” '
The fact that counsel, no matter how eminent, advised a given course in the matter of license taxation demanded, does not, in the least, tend *1912 to relieve defendant from the penalty of two per cent, per month for delinquency in meeting the tax license obligation imposed upon it by the law.
To hold otherwise would be, virtually, to erase from the tax statutes the penalties prescribed for failure to meet seasonably one’s tax obligations. A tax debter, whether individual or corporation, owing taxes ou property, or a license tax, is sued for the same and the penalties the statute prescribes for delinquency are also included in the demand of the suit. He takes his chances on the outcome of the suit, obtains the benefit of the delay always attendant upon litigation, and then, when finally cast, escapes the penalty by saying he was advised by his counsel that the tax was not legal and because of this advice he resisted!
This would be to encourage tax resistance and could but result in embarrassment to the State or that one of its political subdivisions to which the tax is due.
The proper course to pursue is for the tax debtor, who honestly thinks more is demanded of him than he owes under the law, to pay the amount he holds to be due, protesting it is all he owes, and let the State or municipal corporation, to whom the tax is due, receive it — not in full of the tax, but on account, reserving its right to demand the remainder, and according to the tax-payer the equal right of resistance as against the demand for the remainder.
In such case, were the tax-payer eventually east in the suit that followed, he would owe penalties only on such remainder.
In the instant case defendant company made a tender of $1;650.00 as the amount of license it owed, but would not pay it over unless the city receipted it in full of all license demands for the year 1899.
This the city could not do.
Our conclusion is the defendant must be held for the penalties prescribed by the statute on the amount it owed as a license tax in the year mentioned.
It is, therefore, ordered that the former decree herein handed down be so modified and amended as to reduce the amount of the judgment against defendant to twenty-one hundred dollars, with two per cent, per month interest thereon from March 1, 1899, until paid, with recognition of first lien and privilege on its property, and that defendant pay posts of both courts.
Rehearing refused.